UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSHUA BISSON,<br>　　　*Plaintiff*,<br>　　v.<br>CITY OF HARTFORD, DARYL ROBERTS, JAMES<br>CAMPBELL, and GEORGE WATSON,<br>　　　*Defendants*. | Civil No. 3:10cv1341 (JBA)<br><br><br>June 4,  2013 |

**RULING ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff Joshua Bisson filed this action against Detectives James Campbell and George Watson (collectively, the "Officer Defendants"), and Police Chief Daryl Roberts and the City of Hartford (collectively, the "City Defendants") for violations of his federal and state constitutional rights arising out of his arrest by the Officer Defendants.  Plaintiff brings claims against the Officer Defendants for false arrest, false imprisonment, malicious prosecution, excessive force, failure to intervene, and violations of the Fifth and Fourteenth Amendments (Count One), and for negligence, recklessness, negligent infliction of emotional distress ("NIED"), and intentional infliction of emotional distress ("IIED") (Count Two).   Plaintiff also brings a *Monell* claim against the City Defendants and a supervisory liability claim against Defendant Roberts (Count Three), in addition to a claim for municipal liability against Defendant City of Hartford (the "City") pursuant to Conn. Gen. Stat. §§ 52-557n and 7-465 (Count Four).   The Officer Defendants move [Doc. # 61] for partial summary judgment on Counts One and Two, and the City Defendants move [Doc. # 60] for summary judgment on Counts Three and Four.   The Court presumes the parties' familiarity with the facts as presented by Plaintiff.

On May 31, 2013, the Court held oral argument on the pending motions, and issued a partial bench ruling.   The Court granted the Officer Defendants' motion for

summary judgment with respect to Plaintiff's false arrest, false imprisonment, malicious prosecution, Fourteenth Amendment, and Fifth Amendment claims, and Plaintiff's state constitutional claims based on those theories, and denied the motion with respect to Plaintiff's state constitutional claim for excessive force and his negligence, recklessness, IIED, and NIED claims related to the use of unreasonable force.   The City Defendants' motion for summary judgment was granted with respect to the supervisory liability claim in Count Three, and denied with respect to Count Four.   The Court took the City Defendants' motion for summary judgment as to Plaintiff's *Monell* claim against the City under advisement.   For the reasons below, the Court grants summary judgment on the remaining claim in Count Three.

## I.      Discussion[1]

In Count Three, Plaintiff claims that the City of Hartford's actions in failing to properly screen, train and supervise the Officer Defendants constitute a de facto policy or custom to violate the Fourth Amendment rights of its citizens.   In *Monell,* municipal liability was premised on the municipality's affirmative conduct, but municipal nonfeasance can also qualify as a policy or practice that renders a municipality liable:

---

[1] "Summary judgment is appropriate where, "resolv[ing] all ambiguities and draw[ing] all permissible factual inferences in favor of the party against whom summary judgment is sought," *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008), "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) (quotation marks omitted). "The substantive law governing the case will identify those facts that are material, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Bouboulis v. Transp. Workers Union of Am.*, 442 F.3d 55, 59 (2d Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When considering a motion for summary judgment, the Court may consider depositions, documents, affidavits, interrogatory answers, and other exhibits in the record. Fed. R. Civ. P. 56(c).

"*Monell's* policy or custom requirement is satisfied where a local government is faced with a pattern of misconduct and does nothing, compelling the conclusion that the local government has acquiesced in or tacitly authorized its subordinates' unlawful actions." *Reynolds v. Giuliani,* 506 F.3d 183, 192 (2d Cir. 2007) (citing *Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 737 (1989)).

Under either a failure-to-train or failure-to-supervise theory, a municipality is liable only where the inadequate training or supervision amounts to "deliberate indifference to the rights of person with whom the [officials] come into contact." *City of Canton v. Harris,* 489 U.S. 378, 388 (1989); *see Reynolds,* 506 F.3d at 192 ("Although *City of Canton* addressed a claim of a failure to train, the stringent causation and culpability requirements set out in that case have been applied to a broad range of supervisory liability claims [including failure to supervise].").   From this deliberate-indifference standard, the Second Circuit has established three requirements:  (1) "the plaintiff must show that a policymaker knows to a moral certainty that her employees will confront a given situation," (2) "the plaintiff must show that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation," and (3) "the plaintiff must show that the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights."  *Walker v. City of New York,* 974 F.2d 293, 297–98 (2d Cir.1992); *see also Reynolds,* 506 F.3d at 193.   "In addition, at the summary judgment stage, plaintiffs must 'identify a specific deficiency in the city's training program and establish that that deficiency is closely related to the ultimate injury, such that it actually caused the constitutional deprivation.'" *Jenkins v. City of New York*, 478

F.3d 76, 94 (2d Cir. 2007) (quoting *Green v. City of New York,* 465 F.3d 65, 81 (2d Cir. 2006)).

Similarly, "a plaintiff seeking to establish municipal liability on [a failure-to-screen theory] must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences." *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown,* 520 U.S. 397, 407 (1997). Thus, "[o]nly where adequate scrutiny of an applicant's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire the applicant would be the deprivation of a third party's federally protected right can the official's failure to adequately scrutinize the applicant's background constitute 'deliberate indifference.'" *Id.* at 412. Liability only may be imposed "on a finding that *this* officer was highly likely to inflict the *particular* injury suffered by the plaintiff." *Id.* (emphases in original). "The fact that inadequate scrutiny of an applicant's background would make a violation of rights more *likely* cannot alone give rise to an inference that a policymaker's failure to scrutinize the record of a particular applicant produced a specific constitutional violation." *Id.* at 410–11 (emphasis in original).

The City Defendants argue that Plaintiff has failed to put forth sufficient evidence to establish a de facto policy or custom to condone the use of excessive force in effecting warrantless arrests. The City Defendants offer unrebutted evidence that both detectives were trained and supervised in the use of force (*see* Wiebusch Aff., Ex. A to City Defs.' Loc. R. 56(a)1 Stmt [Doc. # 60-2], ¶¶ 7, 9), that the officers were screened prior to employment (*see id.* ¶ 8), and that the City of Hartford provides training to officers both before and after their swearing-in, in accordance with the requirements of Connecticut's Police Officer Standards Training Council (*see id.* ¶¶ 5–7). The City Defendants also

offer evidence that there is a civilian complaint procedure in place for the Hartford Police Department, and that this procedure was followed in investigating Plaintiff's complaint against the Officer Defendants. (*Id.* ¶¶ 10–12.)   The City Defendants argue that based on this evidence, Plaintiff cannot point to a specific deficiency in the screening, training or supervision of Hartford police officers that caused the violation of his constitutional rights.

In support of his *Monell* claim, Plaintiff relies on *Turpin v. Mailet*, 619 F.2d 196, 201 (2d Cir. 1980) for the proposition that "a single, unusually brutal or egregious beating administered by a group of municipal employees may be sufficiently out of the ordinary to warrant an inference that it was attributable to inadequate training or supervision amounting to deliberate indifference or 'gross negligence' on the part of officials in charge."[2]   However, in *Turpin*, the Second Circuit concluded that evidence that the plaintiff had been previously assaulted and arrested by the police, that the arresting officer was not disciplined, and that the plaintiff subsequently was arrested a second time, was

---

[2] Plaintiff also cited another civilian complaint against Detective Watson for excessive force in support of his *Monell* claim.  (*See Rogoz* Compl., Ex. A to City Defs.' Reply [Doc. # 76], ¶¶ 18–22.)   However, Plaintiff conceded at oral argument that this complaint was irrelevant as evidence of a City policy to condone the use of unreasonable force because Mr. Rogoz was arrested and filed his complaint after Plaintiff's arrest.  Thus the City would not have had notice of the Rogoz incident in time to avoid the violation of Plaintiff's rights.   Furthermore, the Second Circuit has explained that "a pattern of misconduct, while perhaps suggestive of inadequate training, is not enough to create a triable issue of fact on a failure-to-train theory. The plaintiff must offer evidence to support the conclusion that the training program was inadequate, not [t]hat a particular officer may be unsatisfactorily trained or that an otherwise sound program has occasionally been negligently administered, and that a hypothetically well-trained officer would have avoided the constitutional violation." *Okin v. Village of Cornwall–On–Hudson Police Dept.*, 577 F.3d 415, 440–41 (2d Cir. 2009) (internal quotation marks and citations omitted).  At most, the Rogoz incident could be indicative of Detective Watson's inadequate training, but not a failure of the City's entire training program.

inadequate as a matter of law to establish the municipality's deliberate indifference toward the violation of the plaintiff's rights.  *See id.* at 202–04.  By contrast, in *Owens v. Haas*, 601 F.2d 1242 (1979), the Second Circuit found that the brutal beating of an inmate by seven correctional officers, including at least one high-ranking officer and several newly hired officers, could be sufficient to support an inference of failure to supervise or to train.  *See id.* at 1246–47 (permitting limited discovery to pursue this theory).  Similarly, in *Amnesty America v. Town of West Hartford*, 361 F.3d 113 (2d Cir. 2004), the Second Circuit found that the plaintiffs' failure to supervise theory presented a triable issue of fact on the basis of one egregious incident.  In that case, multiple officers responding to an abortion protest used enough force while arresting the passively resisting protesters such that their screams of pain could be heard throughout the clinic and several of the demonstrators blacked out from the pain.  *See id.* at 118–19.  However, in *Amnesty America*, the Chief of Police was present during the protest, but failed to intervene, and also participated in the use of force at a subsequent protest.  *Id.* at 119–20.  While the plaintiffs' failure-to-supervise claim survived summary judgment based on these facts, the Second Circuit concluded that their failure-to-train theory failed as matter of law because the plaintiffs offered no specific evidence regarding the training program.  *See id.* at 130.

Unlike the circumstances of *Owens* and *Amnesty America*, Plaintiff's arrest involved only two officers, neither of whom held a supervisory role.  Thus, an inference that the municipality acquiesced in the conduct of Detectives Watson and Campbell is much more attenuated than in those cases, because there was no opportunity for a supervising officer to intervene, and there is no evidence that multiple officers across the department were involved.  Furthermore, Plaintiff does not point to any specific flaw in

the training, supervision, or screening of the Officer Defendants that would show how the City's failure to properly administer those programs caused the detectives to use unreasonable force during Plaintiff's arrest.  Plaintiff has offered no evidence to rebut Defendants' evidence that the detectives were screened, trained in the use of force, and supervised.   Absent evidence of supervisory or broad department involvement in Plaintiff's arrest, or of a pattern of similar violations, Plaintiff's *Monell* claim fails as a matter of law.  *See Turpin*, 619 F.2d at 202 ("Absent more evidence of supervisory indifference, such as acquiescence in a prior pattern of conduct, a policy could not ordinarily be inferred from a single incident of illegality such as a first arrest without probable cause or with excessive use of force.")  Therefore, the City Defendants' motion for summary judgment as to the remainder of Count Three is granted.

## II.      Conclusion

For the reasons stated above and in the Court's May 31, 2013 bench ruling, the Officer Defendants' Motion [Doc. # 61] for Summary Judgment is GRANTED with respect to Plaintiff's false arrest, false imprisonment, malicious prosecution, Fourteenth Amendment, and Fifth Amendment claims, and Plaintiff's state constitutional claims based on those theories, and DENIED with respect to his state constitutional claim for excessive force, and his negligence, recklessness, IIED, and NIED claims related to the use of unreasonable force.  The City Defendants' Motion [Doc. # 60] for Summary Judgment is GRANTED with respect to Count Three, and DENIED with respect to Count Four. The Clerk is directed to dismiss Defendant Roberts from this action.


IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.


Dated at New Haven, Connecticut this 4th day of June, 2013.